**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT WINCHESTER**

| | | |
|---|---|---|
| MACHAEL S. CAMERON | ) | |
| | ) | Case No. 4:26-cv-40 |
| *Petitioner,* | ) | |
| | ) | Judge Atchley |
| v. | ) | |
| | ) | Magistrate Judge Dumitru |
| TULL MALONE, | ) | |
| | ) | |
| *Respondent.* | ) | |

**MEMORANDUM OPINION**

Petitioner, an inmate in the Lincoln County Jail, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 alleging that (1) he needs a change of venue, as he cannot obtain a fair trial in the county where he is confined and assumes his attorney has not requested a change of venue; (2) he is accused of something he did not do and is being held based on "someone[']s word," rather than evidence; (3) unspecified people have violated his constitutional rights by abusing their power and pushing him "to[] almost do things that were not what they seemed"; and (4) a bailiff has told other inmates about his charge and tried to get Petitioner "to[] take 15 years and not go to trial." [Doc. 5]. Petitioner also filed a motion for leave to proceed *in forma pauperis.* [Doc. 4]. As it appears from his motion that Petitioner cannot pay the filing fee, that motion [*Id.*] is **GRANTED**. As it is apparent from the face of the petition that Petitioner is not entitled to habeas corpus relief and has not exhausted his state court remedies for the claims he seeks to bring herein, this action will be **DISMISSED**.

## I. LEGAL STANDARD

A court may grant a writ of habeas corpus only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts must conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243. This review requires

the court to dismiss the petition without a response "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

Before a federal court may grant habeas corpus relief, the petitioner must have exhausted the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) (finding that regardless of whether a petition is brought under § 2254 or § 2241, a petitioner "is required first to exhaust his state court remedies"). Exhaustion requires a petitioner to have "fairly presented" each federal claim to all levels of the state appellate system to ensure that states have a "full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citing *Justices v. Boston Mun. Court v. Lydon*, 466 U.S. 294, 302–03 (1984)). In Tennessee, presentation of a claim to the Tennessee Court of Criminal Appeals ("TCCA") satisfies the requirement of presentation of the claim to all court levels. Tenn. S. Ct. R. 39. A district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that a petitioner has not presented a habeas corpus claim to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Shah v. Quintana,* No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (providing that "a sua sponte dismissal [of a § 2241 petition] . . . may be appropriate where a petitioner's failure to exhaust is apparent from the face of the pleading itself").

Moreover, while federal courts have "jurisdiction . . . to consider pretrial habeas corpus petitions, they should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). The instances

permitting a pretrial detainee to challenge his prosecution prior to judgment are "rare" and "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014).

The Supreme Court has held that a federal court must refrain from interfering in a state criminal case where (1) the state proceeding is ongoing; (2) an important state interest is involved; and (3) the party has an adequate opportunity to raise constitutional challenges in the state proceeding. *Younger v. Harris*, 401 U.S. 37, 43–45, 53–54 (1971). As such, the Sixth Circuit has found that a federal court may rule on the merits of pretrial habeas corpus petitions only where (1) the petitioner sought a speedy trial and exhausted his state court remedies, (2) the petitioner sought to avoid a second trial due to double jeopardy concerns, and (3) the petitioner faced prejudice from prior ineffective assistance of counsel and due process violations on retrial. *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020) (citations omitted).

## II. ANALYSIS

First, nothing in the petition suggests that Petitioner has an extraordinary claim that warrants federal intervention in his ongoing criminal state court proceedings. To the contrary, it appears that Petitioner may seek to change the venue of his trial with the state court, and that he may raise his argument that there is no proof against him as part of his defense to the charge(s) against him. Petitioner's assertion that unidentified people have abused their power and almost convinced him to do unspecified things is general and conclusory, and neither this allegation nor his allegations that the bailiff has tried to convince him to take a plea deal and is telling other inmates about his charges are cognizable habeas corpus claims, as they do not relate to the reason he is confined. *Jones v. Williams*, No. 3:21-cv-01350, 2022 WL 2666610 at *3 (N.D. Ohio 2022) ("Section 2241 is not available . . . to review questions unrelated to the cause of detention." (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004))).

It is also apparent from the face of the petition that Petitioner has not exhausted his claims with the TCCA, as he states in his petition that he has only sought relief for his claims from the Lincoln County Circuit Court. [Doc. 5 p. 2–4].

Accordingly, the petition will be **DISMISSED**.

## III. CERTIFICATE OF APPEALABILITY

Now the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's determination that Petitioner did not exhaust his available state court remedies for his claims, does not seek relief available through a habeas corpus petition, and has not presented an extraordinary claim warranting federal court intervention in his state criminal proceedings, a COA will not issue.

## IV. CONCLUSION

For the reasons set forth above:

1. The petition for habeas corpus relief [Doc. 5] will be **DISMISSED without prejudice**;
2. A COA will not issue; and
3. The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**